# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMC OUTDOOR, LLC** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | **NO. 17-5172** |
| **v.** : | | |
| : | | |
| **JENNIFER STUART** : | | |
| *Defendant* : | | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                           JUNE 28, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

On November 16, 2017, Plaintiff EMC Outdoor, LLC ("Plaintiff"), filed this action against a former employee, Defendant Jennifer Stuart ("Defendant" or "Stuart"), seeking injunctive relief and damages resulting from, *inter alia,* Defendant's alleged breach of certain restrictive covenants in an employment agreement executed by the parties on May 22, 2014 (the "Agreement"). [ECF 1]. In the complaint, Plaintiff asserts a number of claims under federal and Pennsylvania state laws, including, *inter alia*, the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 *et seq.*, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.,* and the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5301 *et seq*. On March 12, 2018, Defendant filed an answer to the complaint, in which it asserts various counterclaims against Plaintiff for abuse of process, unfair competition, defamation, and violations of the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701 *et seq.* (collectively, the "Counterclaims"). [ECF 33].

Presently before this Court is Plaintiff's *first motion to dismiss Counts I and IV of Defendant's Counterclaims* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). [ECF 36]. Plaintiff seeks to dismiss both counts on the basis that the Counterclaims fail to state

a plausible claim for abuse of process (Count I) and/or for a violation of the SCA (Count IV). Defendant opposes the motion. [ECF 39].[1]

The issues raised in Plaintiff's motion to dismiss have been fully briefed and are ripe for disposition. For the reasons stated herein, Plaintiff's motion to dismiss is granted.

**BACKGROUND**

On November 16, 2017, Plaintiff filed the operative complaint in this action (the "Complaint") against Defendant, which alleges that Defendant, *inter alia,* misappropriated and wrongfully converted trade secrets, proprietary information and certain property owned by Plaintiff; breached the Agreement; and violated the DTSA, the CFAA, and Pennsylvania state statutory and common law. [ECF 1]. In her answer to the Complaint, Defendant asserts a number of counterclaims against Plaintiff, including, *inter alia*, claims for abuse of process (Count I) and a violation of the SCA (Count IV). [ECF 33]. As noted, Plaintiff has filed a motion to dismiss both counts pursuant to Rule 12(b)(6). [ECF 36].

For the purposes of a Rule 12(b)(6) motion to dismiss, "claims and counterclaims are treated equivalently" and the standards of review are the same. *Hunting v. Range Resources— Appalachia, LLC,* 2016 WL 7034686, at *3 (M.D. Pa. Dec. 2, 2016). When ruling on Plaintiff's motion to dismiss, this Court must accept as true all of the factual allegations in the Counterclaims and construe these facts in the light most favorable to Defendant, the non-movant. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The factual allegations relevant to the motion to dismiss can be summarized as follows:[2]

---

[1] This Court has also considered Plaintiff's reply. [ECF 42].

[2] The factual allegations, as recited herein, are taken primarily from the Counterclaims. This Court also relies upon facts pled in the Complaint, but only to the extent that they are deemed admitted in

Plaintiff is a media placement and planning agency that specializes in outdoor advertising, branding, marketing, and event marketing. (Compl. at ¶ 1). Defendant was employed by Plaintiff as a director of event marketing from May 2014 until October 25, 2017. (Compl. at ¶ 5). On or about May 22, 2014, the parties executed the Agreement, which contains certain restrictive covenants. [ECF 10-1]. Specifically, the Agreement provides that Stuart's obligations under the Protective Covenants shall "survive willful termination of employment *by Employee only*." [ECF 10-1 at ¶ 12(a)]. On October 25, 2017, Plaintiff terminated Defendant's employment.[3] (*See* Counterclaims [ECF 33] at ¶ 6).

In the Counterclaims, Defendant alleges that Plaintiff has used this lawsuit as a means to forestall competition from Defendant and her new employer, and to obtain discovery and information regarding her current business activities with a competitor. (*See id.* at ¶ 16). Defendant further alleges that Plaintiff brought its claims and request for contemporaneous injunctive relief in bad faith, and that Plaintiff knowingly made false assertions regarding the language and scope of the restrictive covenants at issue in its pleadings. (*See id.* at ¶¶ 1-9, 12).

Defendant also alleges that Plaintiff violated the SCA by "intentionally and wrongfully accessing all of [Defendant's] electronic devices and electronic communications, or by exceeding the proper scope of such access, . . . without proper authorization from [Defendant], whether express or implied." (*Id.* at ¶ 35). Notably, the Counterclaims give no detail as to when and how this access occurred.

**LEGAL STANDARD**

A court may grant a motion to dismiss under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) is the appropriate procedure by which to contest a party's timely exhaustion of administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11.

---

Defendant's answer. *See Red Bend Hunting & Fishing Club*, 2016 WL 7034686, at *1 n.10 (M.D. Pa. Dec. 2, 2016).

[3]   The parties dispute whether Plaintiff did, in fact, terminate Defendant's employment. Plaintiff alleges Defendant "self-terminated" her employment and, in turn, remains bound to the restrictive covenants at issue. (*See* Compl. at ¶¶ 35-39). This Court notes this factual dispute only to provide context for the instant motion to dismiss, and expressly reserves ruling on this issue until the record is fully developed.

The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also* In re *Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

**DISCUSSION**

As noted, Plaintiff moves to dismiss Counts I and IV of Defendant's Counterclaims on the grounds that they are either legally insufficient under any set of facts or lack sufficient factual support as pled. Plaintiff's arguments with respect to each counterclaim will be addressed separately.

*Count I – Abuse of Process claim*

Plaintiff moves to dismiss Count I of Defendant's Counterclaims, which asserts a claim for abuse of process under Pennsylvania law, on the grounds that Defendant has failed to allege facts sufficient to state a cause of action. In response, Defendant argues that Count I satisfies the applicable pleading standards and should survive Plaintiff's motion to dismiss.

"The tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" *Rosen v. Am. Bank of Rolla,* 627 A.2d 190, 192 (Pa. Super. Ct. 1993) (quoting Restatement (Second) of Torts, § 682). To state a claim for abuse of process under Pennsylvania law, a plaintiff must allege facts sufficient

4

to show that "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff." *Naythons v. Stradley, Ronon, Stevens & Young, LLP,* 2008 WL 1914750, at *3 (E.D. Pa. Apr. 30, 2008), *aff'd,* 339 F. App'x 165 (3d Cir. 2009); *see also Clausi v. Stuck,* 74 A.3d 242, 248 (Pa. Super. Ct. 2013). "To recover under a theory of abuse of process, a plaintiff must show that the defendant used the legal process against him in a way that constituted a perversion of that process and caused harm to the plaintiff." *In re Finney,* 184 F. App'x 285, 289 (3d Cir. 2006) (citing *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 304 (3d Cir. 2003)). "Examples of actions that are recoverable under the abuse of process tort are extortion by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution." *Barakat v. Del. Cnty. Mem. Hosp.,* 1997 WL 381607, at *2 (E.D. Pa. Jul. 2, 1997) (citing *Rosen v. Tesoro Petroleum Corp.,* 582 A.2d 27, 33 (Pa. Super. Ct. 1990), *appeal denied,* 592 A.2d 1303 (Pa. 1991)). "The touchstone of the tort is that, *subsequent* to the issuance of process, a party has perversely, coercively, or improperly used that process." *Cameron v. Graphic Mgmt. Assocs., Inc.,* 817 F. Supp. 19, 21 (E.D. Pa. 1992) (internal citations omitted and emphasis added).

The overarching allegation in Count I of the Counterclaims is that the present lawsuit is part of Plaintiff's strategy to forestall competition from Defendant and her new employer, and to obtain information about the business dealings of her new employer, Plaintiff's competitor. Specifically, the relevant portion of Count I reads as follows:

> 16. [Plaintiff] used a legal process against [Defendant], primarily to accomplish a purpose for which the process was not designed, and harm has been caused to [Defendant]. [Plaintiff] has used the filing of the lawsuit as a means to forestall competition from [Defendant] and her new employer and to obtain discovery and information regarding her current business activities with a competitor, which it otherwise is not permitted to obtain.

> 17. [Plaintiff's] abuse of process is the proximate cause of the injury and harm suffered by [Defendant].
>
> 18. [Defendant] has suffered damages as a result of [Plaintiff's] wrongful conduct.

(Counterclaims at ¶¶ 16-18). Even accepting these allegations as true, Defendant has not stated a plausible claim for abuse of process under Pennsylvania law. Nowhere in the Counterclaims does Defendant allege facts sufficient to show that Plaintiff used "legal process against Defendant in a way that constituted a perversion of that process." *Gen. Refractories Co.,* 337 F.3d at 304. Defendant contends that the mere *initiation* of the present suit constituted an abuse of process. However, it is well-settled that the commencement or maintenance of a lawsuit, even for an improper purpose, does not constitute an abuse of process under Pennsylvania law. *See McGee v. Feege*, 535 A.2d 1020, 1024 (Pa. 1987) (distinguishing between cases involving "an improper initiation of a lawsuit as opposed to a perversion of a lawfully entered action," and concluding that only the latter category may sustain an abuse of process claim); *see also Rosen v. Am. Bank of Rolla,* 627 A.2d 190, 192 (Pa. Super. Ct. 1993) (noting that the Restatement (Second) of Torts § 682 states that the tort of abuse of process generally is not directed at the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings); *Todi v. Stursberg,* 2001 WL 1557517, at *2 (E.D. Pa. Dec. 4, 2001) (abuse of process claim dismissed where claim is predicated on the initiation of the instant lawsuit, and not the abuse of previously existing processes). Absent allegations that a party "has abused the process *after* its issuance . . . an abuse of process claim cannot stand." *Cameron,* 817 F. Supp. at 22. Even if Plaintiff's motive for initiating this suit is not laudable, as Defendant alleges, it nevertheless does not give rise to a claim for abuse of process. Accordingly, Count I of the Counterclaims fails to state a claim upon which relief can be granted and is dismissed.

*Count IV – Stored Communications Act Claim*

In Count IV of the Counterclaims, Defendant alleges that Plaintiff violated the SCA by "intentionally and wrongfully access[ing] all of [Defendant's] electronic devices and electronic communications, or by exceeding the proper scope of such access, . . . without proper authorization from [Defendant], whether express or implied." [ECF 33 at ¶ 35]. Plaintiff moves to dismiss Count IV on the grounds that Defendant has not alleged sufficient facts from which this Court can infer that Plaintiff intentionally or wrongfully accessed Defendant's electronic devices and/or communications. This Court agrees with Plaintiff.

To state a claim under SCA for unauthorized access of an e-mail account, a counterclaimant must allege that the plaintiff: (1) "intentionally accessed a facility through which an electronic communications service is provided"; (2) that "such access was not authorized or intentionally exceeded any authorization by the person or entity providing the electronic communications service, the user of that service with respect to a communication of or intended for that user, or a federal statute"; (3) that "[Plaintiff] thereby obtained, altered, or prevented authorized access to an electronic communication while it was in electronic storage in such system"; and (4) that "[Plaintiff's] unauthorized access or access in excess of authorization caused actual harm to [Defendant]." *Cornerstone Consultants, Inc. v. Prod. Input Solutions, LLC,* 789 F. Supp. 2d 1029, 1047 (N.D. Iowa May 19, 2011); *see also* 18 U.S.C. § 2701(a) (codifying elements). Here, Defendant has not alleged any facts to satisfy any of these elements. The Counterclaims are completely devoid of any factual allegations that show when and/or how Plaintiff accessed Defendant's e-mail account, or how Plaintiff exceeded any authorization from Defendant to access her e-mail account. Count IV contains nothing more than threadbare legal conclusions, and sets forth no "factual content" from which this Court could "draw the

reasonable inference that [Plaintiff] is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, Count IV of the Counterclaims fails to state a plausible claim under the SCA and is dismissed.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion to dismiss Counts I and IV of Defendant's Counterclaims is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.